IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DENISE CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-00142-CV-W-GAF |
| | ) |
| ANYTIME LABOR-KANSAS, LLC, | ) |
| d/b/a LABORMAX STAFFING, et.al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Now before the Court is Plaintiff Denise Campbell's ("Plaintiff") Motion to Remand. (Doc. # 13). Plaintiff argues her Missouri workers' compensation claim must be remanded pursuant to 28 U.S.C. § 1445(c), and therefore, in the interest of judicial economy, all or some of her other claims should also be remanded. (*Id.*). Defendants Anytime Labor-Kansas, LLC d/b/a LaborMax Staffing ("ALK"); Anytime Labor-Funding, LLC, d/b/a LaborMax Staffing ("ALF"); Amy Flowers ("Flowers"); and Gina Vallery ("Vallery") (collectively "Defendants") oppose. (Doc. # 25). Also before the Court is Defendants' Motion to Transfer Venue, arguing the above-captioned matter should proceed in the District of Kansas rather than the Western District of Missouri. (Doc. # 6). Plaintiff opposes. (Doc. # 19). For the following reasons, the Motion to Remand is GRANTED in part and DENIED in part and the Motion to Transfer Venue is DENIED.[1]

---

[1] Also pending is Plaintiff's Motion for Leave to File Supplemental Evidence in support of her Suggestions in Opposition to Defendants' Motion to Transfer Venue. (Doc. # 24). Defendants oppose. (Doc. # 30). Plaintiff filed her Motion before Defendants had filed their Reply Suggestions to the Motion to Transfer Venue. Thus, Defendants will not be prejudiced by this evidence's admission. Further, the supplemental evidence does not affect the analysis of the Motion. Accordingly, Plaintiff's Motion for Leave to Supplement Evidence is GRANTED.

1

**DISCUSSION**

**I.   FACTUAL ALLEGATIONS[2]**

Plaintiff is a citizen of the United States, residing in Manhattan, Riley County, Kansas. (Petition ("Pet."), located at Doc. # 1-2, ¶ 1). ALK is a limited liability company organized under the laws of the state of Kansas and headquartered in Clay County, Missouri. (*Id.* ¶ 3). It was authorized to conduct business in both the state of Missouri and the state of Kansas and was doing business in both states. (*Id.* ¶ 4). ALF is a limited liability company organized under the laws of the state of Missouri and headquartered in Clay County, Missouri. (*Id.* ¶ 5). Like ALK, ALF was authorized to conduct business and was conducting business in both Missouri and Kansas. (*Id.* ¶ 6). Plaintiff alleges ALF and ALK operate as a single entity. (*See, generally, id.* (referring to ALK and ALF collectively as Defendant LaborMax); Doc. # 19, pp. 9-10). ALK and/or ALF were Plaintiff's employer from January 16, 2014 to December 21, 2014. (Pet. ¶ 19). Flowers is an authorized agent of ALK and/or ALF, who worked in Kearney, Clay County, Missouri, and was Plaintiff's manager throughout Plaintiff's employment. (*Id.* ¶ 9). Flowers allegedly discriminated against Plaintiff. (*Id.*). She resides in the state of Missouri. (*Id.* ¶ 10; Doc. # 7, p. 2). Vallery is also an authorized against of ALK and/or ALF and was Plaintiff's supervisor throughout Plaintiff's employment. (Pet. ¶ 12). Vallery allegedly discriminated against Plaintiff. (*Id.*). She is a Kansas resident. (*Id.* ¶ 13; Doc. # 7, p. 2).

ALK and/or ALF operate temporary employment agencies that place temporary workers with customer businesses. (Pet. ¶ 30). As ALK and/or ALF's customers, the businesses would allegedly request that ALK and/or ALF refrain from sending them older or disabled workers by directly stating such or by using code words. (*Id.* ¶ 31). Code words included "fresh workers" to

---

[2] All factual allegations are taken from Plaintiff's Petition unless otherwise noted and do not constitute findings of fact.

exclude "old" workers and "too slow" for workers with physical disabilities. (*Id.*). Defendants purportedly encouraged Plaintiff to fulfill the customers' requests. (*Id.*). Plaintiff reported this alleged discrimination to Flowers in Clay County, Missouri, but Defendants failed to address the issue. (*Id.* ¶ 32).

Plaintiff also alleges Defendants required her to ask temporary workers during interviews about their injuries, disabilities, and medications. (*Id.* ¶ 33). In April 2014, a temporary worker reported a disability. (*Id.* ¶ 34). Defendants' customer then allegedly discriminated against this temporary worker. (*Id.*). Plaintiff advised the temporary worker to file a claim with the EEOC. (*Id.* ¶ 35). Flowers then wrote Plaintiff up for the first time and began verbally attacking, embarrassing, and sending sarcastic emails to Plaintiff from Flowers' workplace in Clay County, Missouri. (*Id.*).

On approximately September 14, 2014, Flowers purportedly removed evidence of discrimination from ALK and/or ALF's electronic storage. (*Id.* ¶ 37). Flowers and Vallery also allegedly removed evidence of discrimination from ALK and/or ALF's standard operating procedures in the employee binder. (*Id.*). On or about October 16, 2014, Plaintiff meet with an EEOC representative investigating the temporary worker's claim. (*Id.* ¶ 36).

On or about December 1, 2014, Plaintiff injured her back while lifting a large file box onto a shelf at work, which resulted in a herniated disc. (*Id.* ¶¶ 38-39). The herniated disc affects several of her major life activities including working, bending, lifting, standing, sitting, and walking. (*Id.* ¶ 39). Defendants presented Plaintiff with a refusal of treatment form, which Plaintiff alleges she signed because she was fearful that seeking treatment would cause Defendants to terminate her employment. (*Id.* ¶ 40). As her symptoms worsened, Plaintiff requested to see a workers' compensation doctor. (*Id.* ¶ 41). On or about December 8, 2014,

3

Plaintiff went to the workers' compensation doctor, and the doctor prescribed physical therapy and workplace restrictions and ordered a Magnetic Resonance Imaging ("MRI"). (*Id.*). The next day, Flowers called Plaintiff from Clay County, Missouri, yelled at her about alleged poor work performance, and again wrote Plaintiff up. (*Id.* ¶ 42). After receiving Plaintiff's workplace restrictions, Defendants purportedly increased Plaintiff's work duties and increased her sales requirement from 30 sales to 50 sales per day. (*Id.* ¶ 43).

On December 12, 2014, Plaintiff emailed the workers' compensation doctor, stating she was in pain from sitting all day. (*Id.* ¶ 44). The doctor then released Plaintiff from work the following week. (*Id.*). That same day, after sending the email to the doctor, Defendants wrote Plaintiff up four times in ten minutes and took Plaintiff's work phone away. (*Id.* ¶ 45). Vallery indicated that Plaintiff went to the doctor without permission from Defendants. (*Id.* ¶ 46). The next day, Plaintiff obtained a workers' compensation attorney and subsequently filed a workers' compensation claim. (*Id.* ¶ 47).

On December 19, 2014, Defendants presented Plaintiff with a "Notice of Temporary Modified Offer of Employment," which changed Plaintiff from a salaried employee to an hourly employee and reduced her pay. (*Id.* ¶ 48). Plaintiff returned to work three days later. (*Id.* ¶ 49).

On December 23, 2014, Plaintiff emailed Defendants' human resource department, located in Clay County, Missouri, and reported their alleged discriminatory and retaliatory actions against her. (*Id.* ¶ 50). The next day, Defendants wrote Plaintiff up for creating a hostile work environment by discussing Defendants' alleged treatment of her with her co-workers. (*Id.* ¶ 51). Plaintiff emailed Vallery about the write up, and then Vallery took Plaintiff's keys and blocked Plaintiff's access to her computer and email. (*Id.* ¶ 52). On December 27, 2014, Plaintiff emailed the owner of ALK and ALF to report Defendants' alleged discriminatory and

4

retaliatory treatment of her. (*Id.* ¶ 53). Two days later, Plaintiff fell at work due to a severe back spasm. (*Id.* ¶ 54). On December 31, 2014, Defendants terminated Plaintiff. (*Id.* ¶ 55). Plaintiff alleges this decision was made in Clay County, Missouri. (*Id.*). That same day, Defendants allegedly decided in Clay County, Missouri to dispute Plaintiff's workers' compensation claim and delay the proceedings and her medical treatment. (*Id.* ¶ 56).

Plaintiff filed the above-captioned matter in the Circuit Court for Clay County, Missouri on January 6, 2016, setting forth ten counts on which she sought relief. (*Id.*). Counts I—IV allege age discrimination, failure to accommodate, disability discrimination, and retaliation by Defendants, all in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010 *et seq.* (*Id.* ¶¶ 57-109). Count V alleges a violation of Missouri law when the Defendants purportedly retaliated against her for filing a workers' compensation claim. (*Id.* ¶¶ 110-19). Counts VI—IX allege age discrimination, failure to accommodate, disability discrimination, and retaliation by Defendants in violation of relevant federal laws, specifically, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* (*Id.* ¶¶ 120-69). Count X alleges a violation of Kansas law when the Defendants purportedly retaliated against her for filing a workers' compensation claim. (*Id.* ¶¶ 170-79). Defendants thereafter removed the case pursuant to 28 U.S.C. § 1441(a). (Doc. # 1).

## II. LEGAL STANDARD

### A. Removal Standard

Federal courts are courts of limited jurisdiction. *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). A federal district court may exercise removal jurisdiction only where the court would have had original jurisdiction had the

action initially been filed there. *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000) (citing 28 U.S.C. § 1441(b)). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 [federal question jurisdiction] and 1332 [diversity jurisdiction]." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). A party seeking removal and opposing remand carries the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). A court must resolve all doubts about federal jurisdiction in favor of remand to state court. *Id*.

**B.     Change of Venue Standard**

When venue is proper where the action was initially filed, a motion to transfer venue is governed by 28 U.S.C. § 1404(a). Under § 1404(a), a court may transfer a civil action to another district where the action might have been brought for the convenience of the parties and witnesses and in the interest of justice. The party seeking transfer under § 1404(a) bears the burden of proving transfer is warranted. *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010). The analysis of a venue transfer "require[s] a case-by case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). A court has discretion when granting or denying a § 1404(a) motion to transfer venue. *Arkla Exploration Co. v. Tex. Oil & Gas Corp.*, 734 F.2d 347, 353 (8th Cir. 1984) (reviewing a motion to transfer venue under the abuse-of-discretion standard).

## III. ANALYSIS

### A. Motion for Remand

As noted above, Plaintiff brought claims in Counts VI—XI pursuant to the ADEA and ADA. No party disputes that the Court has original jurisdiction over these federal claims. The Court therefore has supplemental jurisdiction over the state claims in Counts I—V and X if they arose from a common nucleus of operative fact as the federal claims, unless Congress has precluded the claims from this Court's jurisdiction. *See* 28 U.S.C. § 1367; *Myers v. Richland County*, 429 F.3d 740, 746 (8th Cir. 2005). Removed claims arising under a state workers' compensation law fit within the exception. *See* 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."). If a removed civil action includes a non-removable claim, the district court must sever the claim from the action and remand the severed claim to the state court. 28 U.S.C. § 1441(c).

The face of Plaintiff's Petition reveals that Count V arises from Missouri's workers' compensation law. (Doc. # 1-2, pp. 16-17). The Petition cites to statutory provisions within the workers' compensation law, including Mo. Rev. Stat. §§ 287.120.1 and 287.780, and alleges Plaintiff exercised her rights under the law. (*Id.* at ¶¶ 111-12). The Eighth Circuit has recognized that workers' compensation retaliation claims arise under the Missouri workers' compensation statute. *See Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995) (holding the action arose under Missouri's workers' compensation law because the plaintiff's claim alleged a violation of a right established by § 287.780).

Despite this, Defendants argue Count V does not arise under Missouri's workers' compensation statute because it references "public policy." (Doc. # 25, pp. 2-4). They compare

7

Count V to a claim in a previously decided case which was not remanded to state court. In *Miller v. CEVA Logistics*, No. 07-0644-CV-W-FJG, 2008 WL 130847 (W.D. Mo. Jan. 10, 2008), the Court denied a motion for remand, including a workers' compensation retaliation claim arising under Missouri law. However, the sole issue argued on remand was whether the threshold jurisdictional amount for diversity jurisdiction was met. *Miller*, 2008 WL 130847 at *2. Neither party raised the issue of whether the workers' compensation claim should be remanded in light of 28 U.S.C. § 1445(c). Further, unlike Plaintiff's Petition, the complaint in the *Miller* case made no reference to Missouri's workers' compensation statute. (Doc. # 25-1, p. 6). Additionally, since the *Miller* decision was issued, the Missouri Supreme Court has unequivocally reiterated that the "'[w]orkers' compensation law is entirely a creature of statute.'" *Templemire v. W & M Welding, Inc.*, 433 S.W.3d 371, 381 (Mo. 2014) (en banc) as modified (May 7, 2014) (quoting *Hayes v. Show Me Believers, Inc.*, 192 S.W.3d 706, 707 (Mo. 2006) (en banc)). Accordingly, the Court must remand Count V to the Circuit Court of Clay County, Missouri.

The next question then becomes which, if any, other claims should be remanded along with Count V. Acknowledging the Court has original jurisdiction over her federal claims, Plaintiff argues the Court should decline to exercise supplemental jurisdiction over her MHRA claims (Counts I—VI) because they involve novel and complex issues of state law and are substantially the same as her as her Missouri workers' compensation retaliation claim. (Doc. # 13, p. 3). She then argues the federal claims should also be remanded in support of judicial economy. (*Id.*, p. 5). In the alternative, Plaintiff argues all state claims should be remanded and the federal claims stayed pending resolution of the state claims in state court. (*Id.*, p. 7). Defendants counter, arguing the Court should exercise supplemental jurisdiction over Plaintiff's

8

MHRA claims and decline to stay federal proceedings on claims not remanded to state court. (Doc. # 25, pp. 4, 8).[3]

As stated above, § 1441(c) requires a district court to sever and remand a non-removable claim to the state court from which the case originated. This provision also contemplates that the federal court will retain claims otherwise within it original or supplemental jurisdiction. *See* 28 U.S.C. § 1441(c). In fact, the Eighth Circuit has expressly held that a district court has no discretion to remand claims arising under federal law. *See Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002); *County of St. Charles, Mo. v. Missouri Family Health Council*, 107 F.3d 682, 684 (8th Cir. 1997). Thus, the Court cannot remand Counts VI—IX as they pose questions of federal law.

Because the claims must be severed, the Court must determine whether Counts I—IV and X should be remanded with Count V or retained with Counts VI—IX under its supplemental jurisdiction. "[D]istrict courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "Claims within the action are part of the same case or controversy if they 'derive from a common nucleus of operative fact.'" *Myers*, 429 F.3d at 746 (quoting *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997)). Here, all of Plaintiff's claims arise from the same set of facts, and thus, are within the Court's supplemental jurisdiction.

---

[3] The parties do not address whether the Court should retain or remand the Kansas workers' compensation retaliation claim (Count X). Section 1445(c) does not prohibit removal of this claim as it arises under Kansas law but was filed in the courts of a different state. *See* § 1445(c) ("A civil action in *any State court* arising under the workmen's compensation laws of *such State* may not be removed . . . ." (emphasis added)). The Court will analyze whether it should exercise supplemental jurisdiction over the Kansas claim in the same manner as the MHRA claims.

9

Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). District courts have "broad discretion" in exercising supplemental jurisdiction. *Green*, 279 F.3d at 599. A district court may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Plaintiff argues that her MHRA claims should be remanded because they raise complex issues of state law. (Doc. # 13, p. 3). While some differences exist between the law governing MHRA claims and claims brought pursuant to federal discrimination statutes, federal courts consistently decide MHRA claims. *See, e.g., Cosby v. Steak N Shake*, 804 F.3d 1242, 1245-46 (8th Cir. 2015); *Olsen v. Capital Region Med. Ctr.*, 713 F.3d 1149, 1153-55 (8th Cir. 2013); *Carter v. CSL Plasma Inc.*, 63 F. Supp. 3d 1034, 1043-50 (W.D. Mo. 2014); *Bonenberger v. St. Louis Metro. Police Dep't*, 956 F. Supp. 2d 1059, 1065-66 (E.D. Mo. 2013). Thus, the MHRA claims do not present novel or complex issues of state law warranting a refusal to accept supplemental jurisdiction in this case.

Additionally, 28 U.S.C. § 1441(c) supports exercising supplemental jurisdiction over Plaintiff's MHRA claims. Section 1441(c) states that an entire action should be removed and only "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute" should be severed and remanded. Thus, § 1441(c) contemplates the retention of claims based on supplemental jurisdiction even when a non-removable claim is remanded. *See Bivins v. Glanz*, No. 12-CV-103-TCK-FHM, 2012 WL

10

3136115, at *2 ("[T]he Court must sever and remand the nonremovable claim and retain all other removed claims that are within the Court's original or supplemental jurisdiction."). Because Plaintiff's MHRA claims fall within the Court's supplemental jurisdiction and the discretionary factors do not support declining jurisdiction, Counts I—IV of Plaintiff's Petition will not be remanded.

Likewise, the Court should retain the Kansas workers' compensation retaliation claim. Plaintiff does not independently argue that the Kansas claim should be remanded. (*See* Doc. # 13). Rather, she contends that all claims should be remanded to the Missouri court in support of judicial economy. (*Id.* at p. 5). However, as noted above, the Court is barred from remanding claims arising under federal law. *See Green*, 279 F.3d at 596; *County of St. Charles, Mo.*, 107 F.3d at 684. Consequently, at least two parallel lawsuits will move forward, and judicial economy is no longer a factor in determining whether the Court should exercise supplemental jurisdiction over the Kansas claim. Moreover, as previously discussed, § 1441(c) supports the Court retaining jurisdiction over this claim. Accordingly, Count X will be retained.

**B.     Motion to Transfer Venue**

When the defendants are residents of different states, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2). Venue may be proper in multiple districts. *See Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995). Defendants argue that the Western District of Missouri is not the proper venue because the majority of events or omissions giving rise to Plaintiff's claims occurred in Kansas. (Doc. # 7, p. 3). The appropriate question when determining if a district is a proper venue is whether a *substantial* part of the events or omissions occurred in that particular district, not whether other forums had more contacts. *See Setco Enterprise Corp. v. Robbins*, 19

11

Case 4:16-cv-00142-GAF   Document 32   Filed 05/11/16   Page 11 of 19

F.3d 1278, 1281 (8th Cir. 1994). Based on the pleadings and materials submitted with the parties' briefings on the present motions, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Western District of Missouri. It is equally clear that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Kansas. The critical question in this case then is whether the District of Kansas is a more appropriate forum than the Western District of Missouri. *See In re Apple*, 602 F.3d at 913.

When determining which forum is more appropriate, the Court must weigh the convenience of the parties, the convenience of the witnesses, the interests of justice, and any other case-specific factor. *Terra Int'l,* 119 F.3d at 691 (citing 28 U.S.C. § 1404(a)). "In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Id.* at 695.

   1.   *Case-Specific Factors*

The most significant case-specific factor here is whether ALK and ALF constitute one employer for purposes of liability in Plaintiff's employment discrimination claims. Based on the record developed thus far, evidence exists which supports this proposition, while some evidence detracts from it. If the entities are a single employer, Missouri is certainly an appropriate forum. Plaintiff's employer would then unquestionably have substantial contacts with Missouri and decisions regarding her employment would have likely been made in Missouri.

However, the issue has not been properly briefed.[4] At this early stage in the proceedings, without the benefit of evidence revealed during the course of discovery, the Court is not in a

---

[4] Defendants raised the argument that ALK and ALF are not a single employer for the first time in their reply suggestions to the Motion to Transfer Venue. (Doc. # 26, pp. 8-9). While Plaintiff's suggestions in opposition briefly discussed the single-employer issue, she

12

position to resolve whether ALK and ALF constitute a single employer. Thus, for purposes of this motion and resulting order, the Court considers the actions of ALK taken in Kansas to have been taken in concert with ALF, who is clearly connected to Missouri and conducts its business primarily out of Missouri, including any control over employees in other states.

   2.   *Convenience of the Parties*

When addressing the convenience to the parties, a court should consider the parties' private interests, including access to sources of proof such as records and documents; availability of a compulsory process for the attendance of unwilling witnesses; location of the complained of conduct; and the applicability of forum state's substantive law. *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, -- U.S. --, 134 S. Ct. 568, 581 n.6 (2013); *Terra Int'l*, 119 F.3d at 696. "'Merely shifting the inconvenience from one side to the other . . . obviously is not a permissible justification for a change of venue.'" *Terra Int'l*, 119 F.3d at 696-97 (quoting *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992)).

Defendants argue that the bulk of Plaintiff's and ALK's documents related to this case are located in Kansas. While this may be true, it is also likely that relevant documents are located in Missouri. Regardless, paper documents can be easily transported, copied, or reduced

---

acknowledged this was her theory and did not engage in the Eighth Circuit's single entity analysis cited in Defendants' reply suggestions. (Doc. # 19, pp. 9-10). *See Jarred v. Walters Indus. Electronics, Inc.*, 153 F. Supp. 2d 1095, 1099 (W.D. Mo. 2001); *Scheidecker v. Arvig Enterprises, Inc.*, 122 F. Supp. 2d 1031, 1037 (D. Minn. 2000) (citing *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389, 391(8th Cir. 1977)). Thus, Plaintiff has not had a full opportunity to respond to Defendants' argument. Moreover, an issue raised for the first time in a reply brief is deemed waived, and is generally not considered by the Court. *See Mahaney v. Warren County*, 206 F.3d 770, 771 n.2 (8th Cir. 2000) ("Claims not raised in an initial brief are waived, and we generally do not consider issues raised for the first time . . . in a reply brief." (citations omitted)). This does not mean the Court will not consider this argument in the future; only that it will not consider it at this time.

to electronic records, and "their location is not entitled to great weight." *Am. Standard, Inc. v. The Bendix Corp.*, 487 F. Supp. 254, 264 (W.D. Mo. 1980).

Defendants have identified three individuals who will testify on their behalf and reside in Kansas outside the 100-mile radius of the courthouse. Defendants are correct that the Court would be unable to compel these individuals to testify at trial. *See* Fed. R. Civ. P. 45(c)(1). However, the Court could require them to be deposed at a location within 100 miles of their homes and have the deposition testimony read into the record or played at trial. *Id.* Defendants stated in their reply suggestions that they are not amenable to this alternative and believe it would be highly prejudicial to their case. (Doc. # 26, pp. 6-7). Besides such conclusory statements, Defendants offer no evidence to this effect. Defendants have not shown that "use of video-taped depositions would be inadequate." *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 931 (W.D. Mo. 1985). As discussed more thoroughly below, these individuals would likely voluntarily appear as employees of Defendants. *See, e.g., Battenfeld Tech., Inc. v. Birchwood Lab., Inc.*, No. 2:11-CV-04099-NKL, 2011 WL 4088901, at *3 (W.D. Mo. Sept. 14, 2011). "While the unavailability of judicial process to compel the attendance of witnesses who will not voluntarily appear is certainly a factor weighing in favor of transfer, it is not controlling where, as in the present case, the defendant's argument merely assumes that the witnesses in question would not appear voluntarily at a trial in Missouri." *Houk*, 613 F. Supp. at 931 (internal citations omitted). Consequently, the availability of a process to compel witnesses is only slightly in favor of a Kansas forum.

Defendants argue the complained-of conduct occurred in Kansas. (Doc. # 7, pp. 3-4). Plaintiff, on the other hand, asserts it occurred in Missouri. (Doc. # 19, p. 5). Based solely on the pleadings, some of the complained-of conduct occurred in Kansas, specifically the alleged

14

discriminatory acts of Vallery. However, the pleadings allege most of the discriminatory conduct emanated from corporate headquarters in Missouri. Thus, the complained-of conduct weighs in favor of a Missouri venue.

Likewise, the applicable state law weighs in favor of Missouri. It can reasonably be presumed that the Western District of Missouri decides far more MHRA claims than the District of Kansas. The only claim with which the District of Kansas presumably has more experience is the Kansas workers' compensation retaliation claim, which arises under the common law of Kansas. *See Goolsby v. Mgmt. & Training Corp.*, No. 14-4019-SAC, 2014 WL 2988748, at *5 (D. Kansas July 2, 2014). Given that four claims arise under Missouri law, one claim arises under Kansas law, and the remaining four are federal claims, the applicable state law weighs in favor of Missouri. However, this is given little weight because the laws involved are not complex or unsettled. *See Houk*, 613 F. Supp. at 932.

### 3. *Convenience of the Witnesses*

When considering the convenience of the witnesses, the Court should consider the willingness of the witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony. *See Terra Int'l*, 119 F.3d at 696. As discussed above, the Court would not have subpoena power over Defendants' three individual witnesses. However, Defendants have not shown how they would be prejudiced by the presentation of deposition testimony from these witnesses.

Regardless, it is highly likely that the three individuals named by Defendants as critical witnesses would willingly appear on behalf of Defendants. These individuals are Defendants' employees. (Affidavit of Mike Ingham ("Ingham Aff."), located at Doc. # 7-1, ¶¶ 7-9). The Court has previously reasoned that a corporate party "would have no difficulty in summoning

15

[employee-witnesses] to testify regardless of the forum." *GreenEarth Cleaning LLC v. Collidoue Invest France*, No. 09-0329-CV-W-GAF, 2009 WL 1766716, at *4 (W.D. Mo. June 23, 2009). Thus, "the Court will view the convenience of employee-witnesses with less deference, as it is presumed that such witnesses will appear voluntarily on behalf of their employer." *Battenfeld Tech.*, 2011 WL 4088901, at *3.

### 4. Interests of Justice

When analyzing the interests of justice factor, a court should consider:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Terra Int'l*, 119 F.3d at 696. With the exception of the plaintiff's choice of forum, neither party addresses these considerations, but rather reiterates their arguments concerning the conveniences of the parties and witnesses. (Docs. ## 7, 19). And the Court finds them neutral.

Generally, a plaintiff's choice of forum is given deference. Defendants argue Plaintiff's chosen forum in Missouri should be given less deference because she is a citizen of Kansas. (Doc. # 7, p. 5). Defendants cite *Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869 (E.D. Mo. 2000), as support for their position. However, *Biometics*, a patent infringement case, is distinguishable from the case at hand. Like Plaintiff, the *Biometics* plaintiff was not a resident of the chosen forum, the Eastern District of Missouri. 112 F. Supp. 2d at 870. The only connection the plaintiff had with its chosen forum was that its patent attorneys and patent prosecution and litigation files were located there and the patent's inventor used to live there. *Id.* at 876. The only contacts the defendants had with the chosen forum were two sales of the allegedly infringing product to Missouri residents and a delivery of the product to an individual who had recently relocated there. *Id.* at 875-76. The defendants' principle place of business was not in

Missouri, but rather Illinois, and the complained-of conduct centered out of Illinois. *Id.* After weighing these, along with the other case-specific factors, the Eastern District of Missouri determined the plaintiff's choice of forum was not entitled to controlling deference and transferred the case to a district court in Illinois. *Id.* at 877.

As described above, Plaintiff has far more connections to her chosen forum than the *Biometrics* plaintiff had to its chosen forum. Based on the allegations, Plaintiff worked for an employer with its corporate headquarters in Missouri and had substantial interactions with the Missouri-based manager, human resources department, and corporate officer. More importantly, at least three of the four defendants have substantial connections with Missouri and are subject to this Court's personal jurisdiction. *See* 28 U.S.C. § 1391(c). Flowers is a Missouri resident. ALF has its principle place of business and corporate headquarters located in Missouri. And arguably ALK's principle place of business and corporate headquarters are in Missouri as evidenced by several of Plaintiff's exhibits. These significant factual differences distinguish the present case from *Biometrics*. Thus, Plaintiff's choice of forum is afforded deference under the totality of the circumstances in this case.

On balance, the factors weigh more in Missouri's favor. Even if the Court did not find that ALK and ALF constitute a single employer, the allegations show that direction regarding Plaintiff's discipline and eventual termination originated in Missouri. Defendants' arguments that they and three witnesses may be inconvenienced is unpersuasive in light of the fact that the witnesses are their employees. Defendants have not shown how they would be prejudiced by deposition over live testimony. This is insufficient to overcome Plaintiff's choice of forum. *See Houk,* 112 F. Supp. at 927 ("Where the balance of relevant factors is equal or only slightly in favor of the movant, the motion to transfer should be denied.")

**C.     Request for Stay**

In conjunction with her Motion to Remand, Plaintiff requested a stay of the proceedings in this Court until after the remanded claim is resolved in state court.  (Doc. # 13, pp. 7-8). Plaintiff's request was premised on her belief that the Court would remand the MHRA claims along with the Missouri workers' compensation retaliation claim.  (*Id.*).  However, for the reasons discussed above, the Court is retaining the MHRA claims.  That the state court's resolution of the workers' compensation retaliation claim may conflict with the results of the MHRA, federal, and Kansas claims is of no consequence.  *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 816 (1976) ("[T]he mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction.").  The *prima facie* case for the Missouri workers' compensation retaliation claim has different elements than the retained claims.  *See, e.g., Nichols v. ABB DS, Inc.*, 324 F. Supp. 2d 1036 (E.D. Mo. 2004) (outlining *prima facie* cases for ADA, MHRA, and Missouri workers' compensation retaliation claims).  Additionally, the bulk of Plaintiff's claims remain in this Court; therefore, it seems more prudent for the Court to move forward and Plaintiff seek a stay of the state court action should she continue to believe the interests of judicial economy are better served by proceeding in one jurisdiction at a time.  Consequently, a stay is not warranted in these proceedings.

## **CONCLUSION**

Plaintiff's claim arising under the Missouri workers' compensation statute must be severed from the case and remanded to the Circuit Court for Clay County, Missouri.  The remaining claims are within the Court's original or supplemental jurisdiction and will be retained.  On balance, the relevant factors weigh in favor of a Missouri venue.  Finally, a stay is

not necessary in this case.  For these reasons and the reasons stated above, Plaintiff's Motion to Remand is GRANTED in part and DENIED in part, Defendants' Motion to Transfer Venue is DENIED, and Plaintiff's request for a stay is DENIED.  Count V shall be severed from the case and REMANDED to the Circuit Court for Clay County, Missouri.

      **IT IS SO ORDERED.**

/s/ Gary A. Fenner
Gary A. Fenner, Judge
UNITED STATES DISTRICT COURT

DATED: May 11, 2016

19

Case 4:16-cv-00142-GAF   Document 32   Filed 05/11/16   Page 19 of 19